UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------

ANITA WELCH,

Plaintiff

    -against-                              COMPLAINT

THE UNITED STATES OF AMERICA

Defendant

---------------------------------------------

Plaintiff, by her attorneys, THE COCHRAN FIRM, PAUL B. WEITZ & ASSOCIATES, P.C., as and for a Complaint herein, respectfully sets forth and alleges:

AS AND FOR A FIRST CAUSE OF ACTION:

1. That this Court has jurisdiction over this matter under Federal Tort Claims Action 28 USC Section 2671, as the defendant THE UNITED STATES OF AMERICA is an employee of a Federal agency.

2. The matter in controversy exceeds, exclusive of interest, the amount of $100,000.00.

3. That this action falls within one or more of the exceptions set forth in the Federal Rules of Civil Procedure.

4. That this claim is brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, and other applicable statutes and precedents.

{00049979:}

5.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, was and still is a corporation doing business in the State of New York.

6. That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, was and still is a corporation, agency, sovereign and body politic.

7.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, owned a hospital and/or medical center known as Middletown Community Health Center, located at 10 Benton Avenue, Middletown, New York.

8.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees operated said hospital and/or medical center known as Middletown Community Health Center, located at 10 Benton Avenue, Middletown, New York.

9.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees maintained said hospital and/or medical center known as Middletown Community Health Center, located at 10 Benton Avenue, Middletown, New York.

10.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees managed said hospital and/or medical center known as Middletown Community Health Center, located at 10 Benton Avenue, Middletown, New York.

{00049979:}

11. That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees controlled said hospital and/or medical center known as Middletown Community Health Center, located at 10 Benton Avenue, Middletown, New York.

12. That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, held itself out as a hospital duly qualified and capable of rendering competent medical, radiologic and surgical care, testing, diagnosis, treatment and management to the general public, including the plaintiff herein.

13. That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, furnished and/or provided doctors, gastroenterologists, surgeons, nurses and other hospital personnel at said hospital to afford medical, radiologic and surgical care, advice, referral, recommendations, management and treatment to the general public, including the plaintiff herein.

14.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, did agree to and did hold itself out as maintaining at the said hospital, an adequate and competent staff, including doctors, radiologists, oncologists, gastroenterologists, and other medical and surgical personnel, and further warranted that the members of its said staff were qualified and trained for the purpose of providing such medical, radiological and surgical testing, evaluation, diagnosis, advice, referral, recommendation, management, treatment, and attention as they would be required to provide in accordance with the accepted standards of medical, radiological, gastroenterological, and surgical practice to persons seeking and requiring such medical, radiological, gastroenterological, and surgical care and attention, including the infant plaintiff herein, and said defendant further held itself out as being equipped in sufficient manner to render such care, advice, referral, recommendation, management, treatment and treatment at its said hospital.

15.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, furnished, provided, used and employed at said hospital physicians, physician assistants, gastroenterologists, radiologists, oncologists, surgeons, residents, interns, nurses, aides, staff members, and others, who were authorized, retained, or permitted by defendant to order, recommend, request, advise, perform, render, or provide medical, radiological and surgical evaluations, care, diagnoses, treatments, procedures, tests, studies, services, or advice of, for and to patients at the said hospital.

16.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, furnished, provided, assigned and employed one Pratibha Shah at said hospital to order, recommend, request, advise, perform, render, or provide medical, gastroenterological, radiological and surgical evaluations, care, diagnoses, treatments, procedures, tests, studies, services, or advice of, for and to patients at the said hospital, including the plaintiff herein.

{00049979:}

17.   That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, furnished, provided, assigned and employed one Stacey Whyte-Connel at said hospital to order, recommend, request, advise, perform, render, or provide medical, gastroenterological, radiological and surgical evaluations, care, diagnoses, treatments, procedures, tests, studies, services, or advice of, for and to patients at the said hospital, including the plaintiff herein.

18.   That at all times hereinafter mentioned, the said defendant THE UNITED STATES OF AMERICA was and is fully accredited by the Joint Commission on Accreditation of Hospitals and said defendant's manuals, rules, regulations, practices, procedures, techniques and functions were required to be in accordance with the standards and conditions of the said Joint Commission on Accreditation of Hospitals.

19.   That the defendant THE UNITED STATES OF AMERICA, was responsible for the negligent acts and omissions of its agents, servants, affiliated physicians, gastroenterologists, radiologists, oncologists, surgeons and/or employees at the said hospital under the theory of respondeat superior.

{00049979:}

20.  That at all of the times herein mentioned, defendant THE UNITED STATES OF AMERICA, represented that its said servants, agents, affiliated physicians, gastroenterologists, surgeons, radiologists, oncologists, residents, interns, nurses, aides, employees and/or medical personnel at the said hospital were capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff ANITA WELCH.

21.  That at all of the times herein mentioned, defendant THE UNITED STATES OF AMERICA, represented that said Pratibha Shah was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff ANITA WELCH.

{00049979:}

22.   That at all of the times herein mentioned, defendant THE UNITED STATES OF AMERICA, represented that said Stacey Whyte-Connel was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff ANITA WELCH.

23.   That commencing approximately June, 2012, and/or prior thereto, the plaintiff ANITA WELCH engaged the services of the defendant THE UNITED STATES OF AMERICA in connection with certain medical, radiological, gastroenterological and surgical care, testing, evaluation, diagnosis, treatment and management to be rendered to the said plaintiff at said Middletown Community Health Center.

24. That commencing approximately June, 2012, and/or prior thereto, and during a continuous course of treatment through approximately August, 2014, the plaintiff ANITA WELCH came under the care and supervision of the defendant THE UNITED STATES OF AMERICA, its servants, agents, affiliated physicians, radiologists, oncologists, gastroenterologists, nurses, residents, interns, surgeons and/or employees at said Middletown Community Health Center, including but not limited to Pratibha Shah and Stacey Whyte-Connel, in connection with certain medical, radiological, gastroenterological and surgical care, testing, evaluation, diagnosis, treatment and management to be rendered to the said plaintiff.

25. That the defendant, THE UNITED STATES OF AMERICA, its servants, agents, affiliated physicians, radiologists, oncologists, gastroenterologists, nurses, residents, interns, surgeons and/or employees at said Middletown Community Health Center, including but not limited to Pratibha Shah and Stacey Whyte-Connel,  did undertake to diagnose, treat and manage the plaintiff.

{00049979:}

26.   That at all times herein mentioned, the defendant
THE UNITED STATES OF AMERICA, its servants, agents, affiliated
physicians, radiologists, oncologists, gastroenterologists,
nurses, residents, interns, surgeons and/or employees at said
Middletown Community Health Center, including but not limited to
Pratibha Shah and Stacey Whyte-Connel, undertook to and/or did
order, recommend, request, advise, perform, render, or provide
medical, radiological, gastroenterological and/or surgical tests,
examinations, evaluations, diagnoses, consultations, care,
treatments, procedures, studies, services, recommendations or
advice for and to the ANITA WELCH.

27.   That the foregoing treatment and management of the
plaintiff, ANITA WELCH, by the defendant, its servants, agents,
affiliated physicians, surgeons, gastroenterologists,
radiologists, residents, interns, nurses, aides, employees and/or
medical personnel at the said hospital was performed in such a
careless, negligent, and improper manner, and not in accordance
with the good and accepted standards of medical, nursing and
hospital care and practice, thereby causing the plaintiff, ANITA
WELCH, to sustain severe injuries and damages.

{00049979:}

28.  That the medical and hospital procedures, examinations, evaluations, care, treatments, tests, studies, services, or advice ordered, requested, recommended, advised, performed, rendered, or provided to plaintiff by the defendant herein, were ordered, requested, recommended, advised, performed, rendered, or provided by persons who were incompetent or unqualified to order, recommend, request, advise, perform, render or provide examinations, evaluations, care, treatments, procedures, tests, studies, services or advice to and/or for the plaintiff.

29.  That the foregoing injuries and damages to the plaintiff, ANITA WELCH, were caused solely by virtue of the carelessness, negligence and malpractice on the part of the defendant, its servants, agents, affiliated physicians, gastroenterologists, radiologists, oncologists, surgeons, interns, residents, aides, nurses and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

30.  That by reason of the foregoing, the plaintiff, ANITA WELCH, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further

{00049979:}

hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to the negligence and malpractice of the defendant, all to plaintiff's great damage.

      31.   That heretofore, and on/or about December 1, 2014, and within the period of time prescribed by statute, law and/or Court, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE UNITED STATES OF AMERICA, pursuant to Federal Tort Claims Act 28 U.S.C., Section 2675(a), by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

      32.   That more than **six months** have elapsed since the aforesaid Notice of Claim was served on the said defendant.

      33. That the said defendant was negligent and has refused and neglected to accept, reject, adjust, settle and pay said claim.

{00049979:}

34.  That this claim has been commenced and this action has been started within the period of time prescribed by statute and law.

35. That all conditions and requirements precedent to the commencement of this action have been complied with.

36.  That this action falls within one or more of the exceptions set forth in CPLR 1602.

37. Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant owed the plaintiff a non-delegable duty of care.

38.  Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendant is vicariously liable for the negligent acts and omissions of those who caused or contributed to the plaintiff's injuries.

39.  That by reason of the foregoing, the plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

{00049979:}

AS AND FOR A SECOND CAUSE OF ACTION:

40.   That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

41.   At all of the times herein mentioned, defendant, its agents, servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services, or advice of, for, and to plaintiff on behalf of, jointly with, or under the supervision of defendant herein, failed to inform and/or failed to fully inform plaintiff or to warn and/or to fully warn plaintiff, of the nature, purposes, known perils, recognized hazards, risks, or possible complications of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered for, requested for, recommended for, advised for, performed upon, rendered to, or provided to plaintiff; nor did defendant nor did said persons inform plaintiff of any alternative methods of treatment; nor did defendant nor did said persons, obtain an informed consent by or on behalf of plaintiff regarding the outcome or possible consequences of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered, requested, recommended, advised,

{00049979:}

performed, rendered, or provided, or omitted to be ordered, requested, recommended, advised, performed, rendered, or provided, of, for, and to plaintiff.

42.   At all of the times herein mentioned, defendant, its agents, servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice of, for, and to plaintiff on behalf of, jointly with, or under the supervision of defendant herein, failed to inform and/or to fully inform plaintiff, or plaintiff's lawful representative, or to warn and/or to fully warn plaintiff, of the nature, purposes, known perils, recognized hazards, risks, or possible complications of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered for, requested for, recommended for, advised for, performed upon, rendered to, or provided to plaintiff; nor did defendant nor did said persons inform plaintiff of any alternative methods of treatment; nor did defendant, nor did said persons, obtain an informed consent by or on behalf of plaintiff regarding the outcome or possible consequences of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered, requested, recommended, advised, performed, rendered, or provided, or omitted to be ordered,

{00049979:}

requested, recommended, advised, performed, rendered, or provided, of, for, and to plaintiff.

43. As a result of all of the foregoing, plaintiff was denied the opportunity to make an informed decision as to the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered, requested, recommended, advised, performed, rendered, or provided to her.

44. As a result of all of the foregoing, plaintiff was denied the opportunity to seek alternative examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice which care, treatments, procedures, tests, studies, services, or advice he/she would have chosen or elected had he/she been informed and/or fully informed as to the nature, purposes, known perils, recognized hazards, risks, and possible complications of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered for, requested for, recommended for, advised for, performed upon, rendered to, or provided to plaintiff.

{00049979:}

45. Had a reasonably prudent person in the condition of plaintiff been fully informed as to the nature, purposes, known perils, recognized hazards, risks, and possible complications of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice which were ordered, requested, recommended, advised, performed, rendered, or provided for, upon, or to plaintiff, a reasonably prudent person in the condition of plaintiff would have refused said examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice, or would have sought and/or obtained alternative examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, and/or advice.

46.   Had plaintiff been fully informed as to the nature, purposes, known perils, recognized hazards, risks, and possible complications of the examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered, requested, recommended, advised, performed, rendered, or provided for, upon, or to plaintiff, plaintiff would have refused said examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice, or would have sought and/or obtained alternative examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, and/or advice.

47. As a result of all of the foregoing, plaintiff  was caused to and did suffer and sustain severe and serious personal injuries.

48.  As a result of all of the foregoing, plaintiff was caused to and did suffer and sustain severe and serious conscious pain and suffering.

49. As a result of all of the foregoing, plaintiff was caused to and did suffer and sustain severe and serious mental anguish.

50. As a result of all of the foregoing, plaintiff was caused to and did suffer and sustain severe and serious economic losses.

{00049979:}

51. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by plaintiff were occasioned by reason of the negligence, carelessness, and/or malpractice of defendant herein, its servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, diagnoses, consultations, care, treatments, procedures, studies, tests, services, or advice of, for, and to plaintiff on behalf of, jointly with, or under the supervision of defendant herein, and said injuries were in no way contributed to by plaintiff.

52. As a result of all of the foregoing, plaintiff has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

AS AND FOR A THIRD CAUSE OF ACTION:

53. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

{00049979:}

54.  That at all times herein mentioned, the defendant had the duty to properly and adequately select and screen for hiring for retention or discharge as employees those physicians who are not fit, suitable, qualified, skilled, properly trained, supervised and instructed.

55. That all times herein mentioned, it was the duty of the said defendant to properly and adequately train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and practices of its servants, agents, affiliated physicians and/or employees performing hospital, medical, nursing and/or surgical procedures.

56. That all times herein mentioned, it was the duty of the said defendant to supervise, promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to the duties, activities and practices of its servants, agents, affiliated physicians, surgeons, nurses and/or employees performing medical and/or surgical procedures.

57. That all times herein mentioned, it was the duty of the said defendant to entrust the care of the plaintiff to physicians and personnel who possessed the necessary and required skill, experience, judgment, diligence and capability perform such duties, activities and practices as were required and rendered to the plaintiff at said hospital and/or medical facilities.

{00049979:}

58.  That at all times herein mentioned, the defendant failed, neglected and omitted to properly and adequately select and screen for hiring for retention or discharge as employees those physicians who are not fit, suitable, qualified, skilled, properly trained, supervised and instructed.

59. That all times herein mentioned, the said defendant failed, neglected and omitted to properly and adequately train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and practices of its servants, agents, affiliated physicians and/or employees performing hospital, medical, nursing and/or surgical procedures.

60. That all times herein mentioned, the said defendant failed, neglected and omitted to supervise, promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to the duties, activities and practices of its servants, agents, affiliated physicians, surgeons, nurses and/or employees performing medical and/or surgical procedures.

61. That all times herein mentioned, the said defendant failed, neglected and omitted to entrust the care and supervision of the plaintiff to physicians and personnel who possessed the necessary and required skill, experience, judgment, diligence and capability perform such duties, activities and practices as were required and rendered to the plaintiff at said hospital and/or medical facilities.

{00049979:}

62.   As a result of all of the foregoing, plaintiff has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>:

63.   That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

64. That at all times herein mentioned, it was the duty of the defendant to promulgate, enforce, instruct, advise, abide by, require or ensure compliance with it's own and/or appropriate rules, regulations, guidelines, procedures, by-laws, policies or protocols with respect to the inquiry, investigation and certification of malpractice insurance by physicians hired, retained, certified and/or recertified for privileges as physicians or surgeons at said hospital.

{00049979:}

65. That at all times herein mentioned, it was the duty of the defendant to properly and adequately inspect, investigate and screen physicians and surgeons for hiring or renewal of privileges at said hospital so as to definitively ascertain whether such physicians and surgeons are in possession of adequate, appropriate and required credentials, licenses, privileges and references prior to such hiring and/or renewal of privileges at said hospital.

66. That at all times herein mentioned, it was the duty of the defendant to properly and adequately inspect, investigate and screen physicians and surgeons for hiring or renewal of privileges at said hospital so as to definitively ascertain whether such physicians and surgeons are in possession of adequate, appropriate and required professional medical malpractice insurance prior to such hiring and/or renewal of privileges at said hospital.

67. That at all times herein mentioned, it was the duty of the defendant to obtain, inspect, investigate and evaluate documentation of credentials, licenses and professional medical malpractice insurance prior to hiring or renewal of privileges of physicians and surgeons at said hospital.

{00049979:}

68. That at all times herein mentioned, it was the duty of the defendant to properly and adequately inspect, investigate, research and screen physicians and surgeons for hiring or renewal of privileges at said hospital so as to definitively ascertain whether complaints, grievances and/or suspensions have been issued against such physicians and surgeons prior to such hiring and/or renewal of privileges at said hospital.

69. That at all times herein mentioned, it was the duty of the defendant to properly and adequately inspect, investigate, research and screen physicians and surgeons for hiring or renewal of privileges at said hospital so as to definitively ascertain whether such physicians and surgeons are qualified to obtain and/or maintain such privileges at said hospital.

70. That at all times herein mentioned, it was the duty of the defendant to promptly, properly, timely and adequately suspend the privileges of physicians and surgeons who do not possess or have suffered the suspension of the necessary, required and appropriate credentials, privileges, licenses and professional medical malpractice insurance.

71. That at all times herein mentioned, it was the duty of the defendant to prevent physicians and surgeons who do not possess or have suffered the suspension of the necessary, required and appropriate credentials, licenses and medical malpractice insurance, from performing medical or surgical procedures upon patients of said hospital, including the plaintiff herein.

72. That at all times herein mentioned, it was the duty of the defendant to immediately terminate, suspend and/or prevent physicians and surgeons who do not possess or have suffered the suspension of the necessary, required and appropriate credentials, licenses and medical malpractice insurance, from performing medical or surgical procedures upon patients of said hospital, including the plaintiff herein.

73. As a result of all of the foregoing, plaintiff has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

WHEREFORE, plaintiff demands judgment against the defendant, the amount sought on each cause of action exceeding the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: New York, New York
      June 9, 2015

                 Yours, etc.,

                 THE COCHRAN FIRM
                 PAUL B. WEITZ & ASSOCIATES, P.C.,
                 Attorneys for Plaintiff(s)

                 MICHAEL FISCHBEIN
                 233 Broadway
                 New York, New York 10279
                 (212) 346-0045

{00049979:}

ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    )SS:
COUNTY OF NEW YORK )

I, MICHAEL FISCHBEIN, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

I am an associate in the law firm of THE COCHRAN FIRM, PAUL B. WEITZ & ASSOCIATES PC, attorneys for the plaintiff. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff resides outside of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       June 9th, 2015

Michael A. Fischbein Esq.